UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES RADLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:09-CV-579 JD |
| | ) |
| TIARA THOMAS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

James Radley filed this *pro se* action pursuant to 42 U.S.C. § 1983, naming several defendants at the Indiana State Prison, including Nurse Sandy. The court screened the complaint, dismissed all defendants except Tiara Thomas and Nurse Sandy, and directed the Marshals Service to effect service of process on these defendants [DE 4]. The summonses against both defendants were sent by certified mail to the Indiana State Prison Outside Dormitory, in Michigan City, Indiana, and returned executed on February 10, 2010 [DE 8-9]. These defendants, however, did not appear, plead, or otherwise defend the lawsuit.

Subsequently, the summons and complaint addressed to Nurse Sandy was returned along with a note addressed to the district court from Pam, a Correctional Medical Services employee at the Indiana State Prison, stating "We do not have his pkt it is at Westville Correctional Facility" [DE 12]. Because Pam returned the summons and complaint addressed to Nurse Sandy, the court concluded that service of process failed on that defendant.

Fed. R. Civ. P. 4(m) mandates dismissal without prejudice if a defendant is not served with the summons and complaint within 120 days after the filing of the complaint unless the plaintiff can show "good cause" why service was not made within that time. *Tso v. Delaney*, 969 F.2d 373, 375

(7th Cir. 1992); *Geiger v. Allen*, 850 F.2d 330, 331-32 (7th Cir. 1988). The U.S. Marshal's office is charged with effecting service of process for inmates confined in state penal institutions. "When the district court instructs the Marshal to serve papers on behalf of a prisoner, the prisoner need furnish no more than the information necessary to identify the defendant." *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990).

The court concluded that the Marshals Service's failure to accomplish the task was automatically "good cause" for failure of service. *Sellers v. United States.* 902 F.2d at 602. Accordingly, the Court referred the matter to the Marshals Service for further inquiry. The Plaintiff has not identified Nurse Sandy by her full name, and the court concluded that the information he did provide might or might not furnish sufficient information to serve her with process. If the Indiana State Prison only had one nurse named Sandy employed at the facility when the events Radley complains of occurred, then her first name might be sufficient to identify the defendant. But if there was more than one nurse named Sandy employed at the prison, or no nurses with that given name, then service would fail. The court directed the Marshals Service to contact the Indiana State Prison and determine whether officials there could identify one nurse with a given name Sandy who worked at the Indiana State Prison between October 23, 2008, and February 14, 2009.

The Marshals Service advised the Court that they contacted the Indiana State Prison, and requested the full names of any nurse with the given name Sandy who was employed at the prison between October 23, 2008, and February 14, 2009. A prison official responded that there were two nurses who met that criteria, Sandy Gill, and Sandy Redden. Because the Marshals Service was unable to identify the defendant described by the Plaintiff as Nurse Sandy, it could not effect service

of process on this defendant without further information. *Sellers* requires that a prisoner plaintiff furnish the Marshals Service with information necessary to identify the defendants:

> The Marshals Service needs from the prisoner information sufficient to identify the guard ("John Doe No. 23" won't do); once that information has been provided, the Marshal should be able to obtain a current business address and complete service . . .

*Sellers*, 902 F.2d at 602.

Because, after making an inquiry, the Marshals Service was unable to identify Nurse Sandy, the burden shifted to the Plaintiff to provide the Marshals Service with the information necessary to identify this defendant so that an alias summons can be issued and service of process accomplished on her. On September 17, 2010, the Court afforded the Plaintiff until October 18, 2010, within which to identify Nurse Sandy. In that order, the Court cautioned "the Plaintiff that failure to identify this defendant so that she can be served with process will result in the dismissal of this defendant pursuant to Fed. R. Civ. P. 4(M) without further notice." (DE 20 at 3)

Because the Plaintiff has not responded to the Court's order of September 17, 2010, the Court now DISMISSES Nurse Sandy from this case, without prejudice, pursuant to Fed. R. Civ. P. 4(M).

SO ORDERED.

ENTERED: February 4, 2011

/s/ JON E. DEGUILIO
Judge
United States District Court